*308 Dickinson, Judge,
concurring.
WHAT OCCURRED IN THE TRIAL COURT
{¶ 18} Ashley Trivette twice drove her boyfriend to a Walmart store where he stole laptop computers. When police arrested her for complicity to commit theft, they also seized her 2002 Ford Explorer as a mobile instrumentality subject to forfeiture under Chapter 2981 of the Ohio Revised Code. The grand jury indicted her for complicity to commit theft and included in the indictment a specification for criminal forfeiture of the Explorer in accordance with R.C. 2981.04.
{¶ 19} Trivette initially pleaded not guilty and moved for relief from the seizure of her Explorer under R.C. 2981.03(A)(4). That section provides for the return of seized property if the person moving for relief “demonstrate[s] by a preponderance of the evidence that the seizure was unlawful and that the person is entitled to the property.” At a minimum, a seizure of property as a mobile instrumentality subject to forfeiture is unlawful if the seizing officer did not have “probable cause to believe [that the property was] property subject to forfeiture.” R.C. 2981.03(A)(2).
{¶ 20} In her memorandum in support of her motion for relief from seizure, Trivette did not address whether the officer who seized her Explorer had probable cause to believe it was subject to forfeiture or whether the seizure was otherwise unlawful. Rather, she addressed the merits of whether the Explorer in fact should be forfeited, citing R.C. 2981.02(B) and 2981.09(A). R.C. 2981.02(B) lists factors that a trier of fact is to consider, to the extent it finds them relevant, “[i]n determining whether an alleged instrumentality was used in or was intended to be used in the commission or facilitation of an offense * * * in a manner sufficient to warrant its forfeiture.” Those listed factors are whether the offense could have been committed “but for the presence of the instrumentality,” whether the “primary purpose in using the instrumentality was to commit * * * the offense,” and “[t]he extent to which the instrumentality furthered the commission of * * * the offense.” R.C. 2981.02(B)(1) through (3). The other section cited by Trivette, R.C. 2981.09(A), provides, “Property may not be forfeited as an instrumentality under this chapter to the extent that the amount or value of the property is disproportionate to the severity of the offense.”
{¶ 21} Before the trial court could hold a hearing on Trivette’s motion for the return of the “unlawfully seized vehicle,” she filed a document captioned “Motion to Change Plea; Position on Continuance; Maintain Motion for Return of Seized Vehicle,” in which she moved for leave “to do a change of plea,” and among other things, told the court that “[s]he would still like a hearing on her motion for return of vehicle, limited solely to the grounds that the value of the vehicle exceeds her liabilities to the State.” That is, she told the court that she still *309 wanted a hearing on one aspect of the merits of whether the Explorer should be forfeited, whether its value was disproportionate to the severity of her offense within the meaning of R.C. 2981.09(A). By doing so, she in effect abandoned both her argument that the Explorer had been illegally seized and that it was not forfeitable because it had not been “used in or * * * intended to be used in the commission or facilitation of an offense * * * in a manner sufficient to warrant its forfeiture.” R.C. 2981.02(B).
{¶ 22} On the day that Trivette appeared in court to change her plea, her lawyer confirmed to the court that she intended to withdraw her plea of not guilty and plead guilty to the complicity charge. He also reiterated her desire for a hearing limited to one aspect of whether the Explorer should be forfeited:
THE COURT: Okay. But we need to have a hearing on the forfeiture that the State is pursuing.
[MS. TRIVETTE’S LAWYER]: Yes. We’ve requested a hearing on that because we believe that the value of the vehicle is higher than the potential liabilities. And under the statute the forfeiture is not permitted in that situation.
THE COURT: Are you ready to proceed on that hearing, Ms. [Prosecutor]?
[PROSECUTOR]: Yes, Your Honor.
THE COURT: All right. Why don’t we do that first and then—
[MS. TRIVETTE’S LAWYER]: Okay.
THE COURT: — we can handle the pleas. All right.
[PROSECUTOR]: State calls Sgt. Conwell.
{¶ 28} The prosecutor had Sergeant Conwell give a brief description of Trivette’s involvement in her boyfriend’s stealing the laptops, including that she had twice used the Explorer to drive him to Walmart. Not surprisingly, however, in view of Trivette’s statement that she wanted a hearing only on whether the value of the Explorer was disproportionate to the severity of the offense, the prosecutor did not attempt to prove any of the factors listed in R.C. 2981.02(B). She did have him briefly describe the Explorer: “It’s tan in color. Has a different color tailgate. Appears to maybe have been replaced at one time. The tailgate is actually maroon. In speaking with Ms. Trivette she did acknowledge that she is the owner of the vehicle. That the vehicle is paid off. She did note to me when we actually seized it that it wasn’t in very good working order as the four wheel drive or the transmission part of it was currently going out on it. It was not functioning correctly. The overall appearance of the vehicle including the interior, I would call it fair to poor.” On cross-examination, Trivette’s lawyer did not question Sergeant Conwell about Trivette’s use of the Explorer in taking her boyfriend to and from Walmart. He did question him regarding the value of *310 the stolen laptops, which the Sergeant placed at around $3,000, and the value that he would place on the Explorer, which the Sergeant put in a range between $2,975 and $3,850 based on descriptions for 2002 Explorers published in an NADA price guide. The Sergeant specified that he believed it would be “closer to the $2,975.”
{¶ 24} The state then rested, and Trivette testified. According to her, she had purchased the Explorer for $8,000 about eight months before police seized it, and she had recently replaced its tires. She also testified that she needed the Explorer because she was “getting ready to have a baby.” She acknowledged that she was “probably looking at a license suspension,” but that after her suspension, she was “definitely going to need a vehicle.” Her lawyer did not ask her any questions regarding her use of the Explorer to take her boyfriend to and from Walmart.
{¶ 25} After Trivette rested, the court allowed both sides to argue. The prosecutor restricted her argument to proportionality under R.C. 2981.09. Trivette’s lawyer, however, not only argued that the Explorer was not forfeitable under R.C. 2981.09, but also suggested that the state had failed to prove that it was forfeitable under R.C. 2981.02(B). The court took the issue of whether the Explorer should be forfeited under advisement.
{¶ 26} Two days after the hearing and Trivette’s change of plea, the court filed a “Judgment Entry Change of Plea,” noting her change of plea and scheduling her sentencing. Although the entry mentioned the specification, it did not say that the court had taken the question of whether the Explorer should be forfeited under advisement. As a result, Trivette filed a “Request for Clarification or Entry Nunc Pro Tunc,” in which she noted that the court had failed to mention that it had taken the forfeiture question under advisement. As a result, the court filed a “Judgment Entry Change of Plea Nunc Pro Tunc,” in which it wrote that it had held a hearing on the specification and had taken the forfeiture question under advisement.
{¶ 27} On the day that the court filed an entry sentencing Trivette for complicity to commit theft, it filed a separate judgment entry regarding the specification. In that entry, it wrote that the matter was before it on Trivette’s “Motion for Return of Unlawfully Seized Vehicle, pursuant to R.C. 2981.03” and that she had objected to “the seizure of [her] 2002 Ford Explorer.” It noted that it had held a hearing “on the circumstances of the crime and on the value of the vehicle” and that it found, “[a]fter consideration of the evidence and review of Chapter 2981 of the Ohio Revised Code, * * * that the vehicle was unlawfully seized.” It held that Trivette’s motion was “granted,” instructed the state to return the Explorer to her, and “dismissed” the specification.
*311 {¶ 28} The state thereafter filed a request for findings of fact and conclusions of law. In its request, the state noted that the court had filed an entry “indicating that the Court found that the vehicle was unlawfully seized” and requested “findings of fact and conclusions of law pursuant to Rule 52 of the Ohio Rules of Civil Procedure on the forfeiture issue.”
{¶ 29} In response, the court filed an entry captioned “Judgment Entry with Findings of Fact & Conclusions of Law.” In that entry, it wrote that the matter was before it “on the State’s timely request for findings of fact and conclusions of law * * * based on the Court’s Judgment Entry * * * granting [Trivette’s] Motion for Return of Unlawfully Seized Vehicle, RC 2981.03(A)(4) and dismissing a forfeiture specification in the Indictment.” The court recited the testimony that was presented at the hearing and reviewed the law relevant to forfeiture of criminal instrumentalities, including the factors listed in R.C. 2981.02(B). It then found “that the State failed to meet its burden to prove that Ms. Trivette’s vehicle was an instrumentality used ‘in a manner sufficient to warrant forfeiture’ under [Section] 2981.02.” It further found that the market value of the Explorer was approximately $4,000, that Trivette’s involvement in her boyfriend’s theft of the computers from Walmart was “relatively minor,” that the Explorer had “significant value to [Trivette],” and, according to the court, “more importantly,” that it had significant value to “an innocent person affected by a forfeiture, namely her baby.” The court concluded that “a forfeiture of the vehicle in this case is disproportionate in its total effect to the effect of the crime committed, and is not necessary for purposes of restitution or any other purpose envisioned by the statutory scheme.” It “ORDERED, ADJUDGED, AND DECREED that [Trivette’s] 2002 Ford Explorer * * * shall be returned to her forthwith.” The state appealed.
THE STATE’S FIRST ASSIGNMENT OF ERROR
{¶ 30} The state’s first assignment of error is that the trial court’s finding that Trivette’s Explorer was unlawfully seized “was in error and the trial court’s factual findings are inconsistent with such a finding.” In support of this assignment, the state has argued that the question of whether the state illegally seized the Explorer became moot when Trivette pleaded guilty, and further, that the trial court’s findings of fact related only to the ultimate question of whether the Explorer should be forfeited rather than whether the state had probable cause to believe that it was subject to forfeiture at the time it was seized.
{¶ 31} The state is not required to immediately seize property in order to seek its forfeiture by a specification in a criminal complaint, indictment, or information under R.C. 2981.04 or through a civil forfeiture proceeding under 2981.05. R.C. 2981.03, however, permits a law enforcement officer to do so when he or she has *312 probable cause to believe that it is property subject to forfeiture. That same section provides two avenues for a person to seek return of the property pending the ultimate determination of whether it should be forfeited. Under R.C. 2981.03(A)(4), a person aggrieved by an alleged unlawful seizure may seek return of the property by demonstrating “by a preponderance of the evidence that the seizure was unlawful and that the person is entitled to the property.” Under R.C. 2981.03(D)(3), with certain exceptions, a person can seek conditional release of property subject to forfeiture by demonstrating that he or she has a possessory interest in it, that he or she has sufficient ties to the community to assure that the property will be available at the time of the trial, and that failure to conditionally release the property will cause substantial hardship to the claimant.
{¶ 32} Trivette cited R.C. 2981.03(A)(4) in support of her motion for return of her Explorer, thereby asserting that the state had unlawfully seized it. At the hearing held before the court, however, she failed to present any evidence that the state had illegally seized her Explorer, either because it lacked probable cause to believe that it was subject to forfeiture or for any other reason. She did not, therefore, carry her burden of proving by a preponderance of the evidence that the seizure was unlawful, and the trial court erred by holding that the state had unlawfully seized the vehicle. That error, however, was harmless because, at the same time the court held that the state had unlawfully seized the Explorer, it also held that the Explorer should not be forfeited and dismissed the specification seeking its forfeiture. At that point, Trivette was entitled to the return of the Explorer regardless of whether it had been unlawfully seized. Accordingly, the state’s first assignment of error is properly overruled.
THE STATE’S SECOND ASSIGNMENT OF ERROR
{¶ 33} The state’s second assignment of error is that the trial court incorrectly ordered the return of Trivette’s Explorer. It has argued both that the Explorer was subject to forfeiture as an instrumentality used in the commission or facilitation of an offense in a manner sufficient to warrant its forfeiture under R.C. 2981.02 and that its value was not disproportionate to the seriousness of Trivette’s offense under R.C. 2981.09.
{¶ 34} R.C. 2981.04(B) places the burden of proving by a preponderance of the evidence that property is “subject to forfeiture” under R.C. 2981.02 on the state or political subdivision seeking forfeiture. The trial court determined that the state failed to carry its burden on that question. It erred by doing so — not because the state in fact carried its burden, but because that question was not properly before the court. Trivette had twice represented that she wished a hearing only on the question of proportionality, once in her “Motion to Change Plea; Position on Continuance; Maintain Motion for Return of Seized Vehicle” *313 and once at the outset of the hearing. She thereby abandoned any argument that the Explorer was not subject to forfeiture because it had not been an instrumentality used in the commission or facilitation of an offense in a manner sufficient to warrant its forfeiture. Just as the trial court’s error in holding that the Explorer was unlawfully seized was harmless, however, its determination that the state failed to carry its burden of proving that the Explorer was used in the commission or facilitation of an offense in a manner sufficient to warrant its forfeiture was also harmless. This error was harmless because the trial court found in the alternative that the value of the Explorer was disproportionate to the severity of Trivette’s offense under R.C. 2981.09.
{¶ 35} R.C. 2981.09(A) places on the owner of property subject to forfeiture both the burden of going forward and the burden of proving by a preponderance of the evidence “that the amount or value of the property subject to forfeiture is disproportionate to the severity of the offense.” Under R.C. 2981.09(C), in determining the severity of the offense, “the court shall consider all relevant factors including, but not limited to, the following: (1) [t]he seriousness of the offense and its impact on the community, including the duration of the activity and the harm caused or intended by the person whose property is subject to forfeiture; (2) [t]he extent to which the person whose property is subject to forfeiture participated in the offense; [and] (3) [w]hether the offense was completed or attempted.” Under R.C. 2981.09(D), in determining the value of the property, “the court shall consider relevant factors including, but not limited to, the following: (1) [t]he fair market value of the property; [and] (2) [t]he value of the property to the person whose property is subject to forfeiture, including hardship to the person or to innocent persons if the property were forfeited.”
{¶ 36} Trivette met her burden of going forward by introducing evidence on the factors listed in R.C. 2981.09(C) and (D). The court had before it evidence regarding the value of the laptops her boyfriend stole, the fact that her role was limited to driving him to and from Walmart on two occasions using her Explorer, and the fact that he completed the thefts before being caught. It also had evidence regarding the value of the Explorer in the form of Trivette’s testimony that she had bought it eight months prior to its seizure for $8,000 and had recently replaced its tires. It also had testimony regarding its appearance and mechanical condition. R.C. 2981.09 does not instruct a trial court regarding exactly how to weigh the factors listed in it or any other factors it deems relevant. Rather, that weighing is committed to the trial court’s discretion. The trial court did not err as a matter of law by determining that Trivette had met her burden of going forward with the evidence regarding factors to be weighed under Section 2981.09, and it exercised proper discretion in weighing those factors and determining that the value of the Explorer to Trivette and her *314 unborn baby was disproportionate to the severity of her involvement in her boyfriend’s theft of laptop computers from Walmart. The state’s second assignment of error is properly overruled.